## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**ROBERT WALTER (#613649)**                              **CIVIL ACTION NO.**

**VERSUS**                                                              **18-683-SDD-SDJ**

**DAVID PERKINS, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 27, 2020.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

ROBERT WALTER (#613649)                    CIVIL ACTION NO.

VERSUS                                      18-683-SDD-SDJ

DAVID PERKINS, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Pro se* Plaintiff Robert Walter ("Plaintiff"), an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against David Perkins ("Perkins") and Angola State Penitentiary[1] ("Defendants") attempting to allege violations of his First Amendment right of freedom of speech and his Eighth Amendment right to be free from cruel and unusual punishment.[2] With respect to Plaintiff's free speech claims, Plaintiff alleges Perkins threatened to retaliate against Plaintiff for filing an administrative remedy procedure ("ARP") against Perkins.[3] Plaintiff had filed an ARP against Perkins because Perkins was driving a vehicle in which Plaintiff was a passenger and that vehicle was involved in a motor vehicle accident.[4] Perkins allegedly told another officer that he was going to "f**k over" Plaintiff or have another officer "f**k over" Plaintiff.[5] Reading the Complaint liberally, Plaintiff may also be attempting to state a claim under the Eighth Amendment for cruel and unusual punishment based upon Perkins' verbal threats.[6] With the exception of these alleged verbal threats, Plaintiff has not alleged any other acts of Perkins.

---

[1] Plaintiff erroneously named LSP as Angola State Penitentiary.
[2] R. Doc. 1.
[3] R. Doc. 1, p. 4.
[4] R. Doc. 1, p. 4.
[5] R. Doc. 1, p. 4.
[6] R. Doc. 1, p. 4.

With respect to Plaintiff's claims against Angola State Penitentiary, Plaintiff has alleged that Angola State Penitentiary forces Plaintiff and other inmates to watch over violent inmates.[7] Apparently while watching over other inmates, Plaintiff had human waste thrown on him.[8] Plaintiff concludes his statement of claim by stating he "had a numbers [sic] of threats and retaliations done against me."[9]

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action against a governmental entity or an officer or employee of a governmental entity if the Court is satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. The statutes impose similar standards for dismissal.[10] Both statutes are intended to afford the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact.

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[11] A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[12] The law accords judges not only the authority to dismiss a claim that is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.[13] Pleaded facts that

---

[7] It appears as though Plaintiff is assigned to the position of tier walker.
[8] R. Doc. 1, p. 4. Plaintiff does not identify the individual or individuals who threw human waste on him.
[9] R. Doc. 1, p. 4.
[10] § 1915(e) provides a procedural mechanism for dismissal of those lawsuits against a governmental entity or employee or officer of a governmental entity that are frivolous, malicious, or fail to state a claim in proceedings where the plaintiff was granted leave to proceed *in forma pauperis*; § 1915A provides a procedural mechanism for dismissal of lawsuits by prisoners that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless of the pauper status of the plaintiff. Plaintiff was granted permission to proceed *in forma pauperis* on March 20, 2019. (R. Doc. 4).
[11] *Denton*, 504 U.S. at 32-33.
[12] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[13] *Denton v. Hernandez, supra*, 504 U.S. at 32.

2

are merely improbable or strange, however, are not frivolous for purposes of § 1915.[14] A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[15]

With respect to Plaintiff's claims against Perkins, Plaintiff has failed to state a claim upon which relief may be granted. Regarding Plaintiff's claim of retaliation, claims of retaliation by prison inmates are regarded with skepticism, lest the federal courts potentially embroil themselves in every adverse action that occurs within a penal institution.[16] Accordingly, to prevail on a claim of retaliation, a prisoner must establish (1) that he was exercising or attempting to exercise a specific constitutional right, (2) that the defendant intentionally retaliated against the prisoner for the exercise of that right, (3) that an adverse retaliatory action, greater than *de minimis,* was undertaken against the prisoner by the defendant, and (4) that there was causation, *i.e.,* that "but for" the retaliatory motive, the adverse action would not have occurred.[17] To pass the *de minimus* standard for a retaliatory act, a plaintiff must allege an adverse act that "is capable of deterring a person of ordinary firmness from further exercising his constitutional rights."[18] A mere verbal threat, as presented in this matter, is not an adverse retaliatory action that is greater than *de minimus*.[19] Accordingly, because the only retaliatory act stated in the Complaint was a verbal

---

[14] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[15] *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).
[16] *Woods v. Smith,* 60 F.3d 1161, 1166 (5th Cir. 1995).
[17] *Morris v. Powell,* 449 F.3d 682, 684 (5th Cir. 2006). *See also Hart v. Hairston,* 343 F.3d 762, 764 (5th Cir. 2003); *Jones v. Greninger,* 188 F.3d 322, 324–25 (5th Cir. 1999).
[18] *Morris*, 449 F.3d at 686.
[19] *See Damond v. McDonald*, Civil Action No. 09-745, 2010 WL 1251638 (M.D. La. Feb. 25, 2010) (wherein this Court held a claim that retaliatory threats made by an officer that made Plaintiff fear for his life constituted a *de minimus* act and thus, the plaintiff had failed to state a claim upon which relief may be granted).

3

threat, Plaintiff has failed to state a retaliatory act greater than *de minimus* and has, thus, failed to state a claim for retaliation against Perkins.

Plaintiff also alleges in a conclusory fashion that "numbers [sic] of threats and retaliations" have been "done" against him.[20] Conclusory allegations are not sufficient, and a plaintiff must present facts to support what are otherwise broad and conclusory allegations.[21] Plaintiff has failed to identify any individual who committed the alleged "numbers…of retaliations," has failed to identify what right he was attempting to exercise, what the retaliatory action was, and has failed to show causation. Plaintiff's conclusory statement that he was retaliated against is insufficient to state a claim for retaliation.[22]

Next, Plaintiff appears to allege he was subjected to cruel and unusual punishment by both Perkins and Angola State Penitentiary. With respect to the allegations against Perkins, just as verbal threats are not greater than *de minimus* for purposes of retaliation, verbal threats and gestures alone do not amount to a constitutional violation.[23] Accordingly, Plaintiff has failed to state a claim against Perkins in this regard as well. Plaintiff's claims against Angola State Penitentiary include Plaintiff's dissatisfaction with his assignment of "watch[ing] over violence [sic] inmates" which Plaintiff alleges violates some constitutional right, presumably the right to be free from cruel and unusual punishment guaranteed by the Eighth Amendment, since one of Plaintiff's complaints regarding this assignment is that he had human waste thrown on him.

The claim against Angola State Penitentiary appears to be best framed as a failure to protect claim. Under the Eighth Amendment to the United States Constitution, a prisoner has a

---

[20] R. Doc. 1, p. 4.
[21] *See Rougley v. GEO Group*, 2011 WL 7796488, *3 (W.D. La. Nov. 7, 2011).
[22] *See White v. LaMartiniere*, Civil Action No. 11-215, 2012 WL 528153 (M.D. La. Jan. 24, 2012) *adopted by White v. LaMartiniere*, Civil Action No. 11-215, 2012 WL 528150 (M.D. La. Feb. 16, 2012) (wherein this Court dismissed an action as frivolous because it stated mere conclusory allegations of retaliation).
[23] *Watson v. Winborn*, 67 F.Appx. 241 (5th Cir. 2003) *citing Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002) and *Robertson v. Plano City of Texas*, 70 F.3d 21, 24 (5th Cir. 1995).

constitutional right to be sheltered from the threat of harm or violence at the hands of other inmates.[24] Specifically, prison officials "have a duty ... to protect prisoners from violence at the hands of other inmates."[25] "Deliberate indifference" is the appropriate standard to be applied in this context, and this term has been defined as including an element of "subjective recklessness" as used in the criminal law.[26] An official acts with the requisite deliberate indifference if he is aware of an "excessive risk to inmate ... safety" and disregards that risk.[27] Mere negligence is insufficient to establish a failure to protect claim.[28] A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.[29] The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference.[30] In other words, the prison official must be subjectively aware of a substantial risk of serious harm to the inmate.[31]

Plaintiff has failed to name any specific individual who failed to protect him from human waste being thrown on him. Additionally, Plaintiff does not allege an excessive risk to his safety existed. Moreover, these allegations are directed against "Angola State Penitentiary," meaning LSP, which is not a proper Defendant. Section 1983 creates a cause of action against "[e]very *person* who, under color of any [state law] ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights,

---

[24] *Johnston v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986).
[25] *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).
[26] *Id.* at 837.
[27] *Id.*
[28] *Farmer*, 511 U.S. at 837.
[29] *Farmer*, 511 U.S. at 847.
[30] *Id.* at 837.
[31] *Rodriguez v. Lozano*, 108 F.Appx. 823, 828 (5th Cir. 2004).

privileges, or immunities secured by the Constitution."[32] Only a "person" may be sued for violation of an inmate's constitutional rights.[33] "[A] prison or jail or its administrative departments are not entities that can be sued under Section 1983 because they are not juridical entities under state law capable of being sued and/or because they are not persons for purposes of suit under Section 1983 as the statute and case law define that term."[34] Accordingly, "Angola State Penitentiary," or LSP, is not a person within the meaning of § 1983.[35] Thus, all claims against Angola State Penitentiary should be dismissed for failure to state a claim upon which relief may be granted.

To the extent that Plaintiff's allegations may invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[36] In the instant case, having recommended that Plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

---

[32] 42 U.S.C. § 1983 (emphasis added).
[33] *Id.*
[34] *Douglas v. Gusman*, 567 F.Supp.2d 877, 892 (E.D. La. 2008) *citing United States ex rel. Arzonica v. Scheipe*, 474 F.2d 720, 721 (3rd Cir. 1973); *Cullen v. DuPage County*, No. 99-1296, 1999 WL 1212570, *1 (N.D. Ill. Dec. 14, 1999); *Whitley v. Westchester County Corr. Facility Admin.*, No. 97-0420(SS), 1997 WL 659100, at *6 (S.D.N.Y. Oct. 22, 1997); *Sponsler v. Berks County Prison*, No. 95–1136, 1995 WL 92370, at * 1 (E.D. Pa. 1995); *Powell v. Cook County Jail*, 814 F.Supp. 757, 758 (N.D. Ill. 1993).
[35] *Washington v. Louisiana*, 425 F.App'x. 330, 333 (5th Cir. 2011).
[36] 28 U.S.C. § 1367.

## RECOMMENDATION

**IT IS RECOMMENDED** that this action be **DISMISSED, WITH PREJUDICE**, as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[37]

**IT IS FURTHER RECOMMENDED** that the Court decline the exercise of supplemental jurisdiction over any potential state law claims.

Signed in Baton Rouge, Louisiana, on July 27, 2020.

*Scott Johnson*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[37] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."